UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN L. DELL,<br><br>    Plaintiff,<br><br>v.<br><br>R. ESPINOZA et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-1769-DAD-MJS (PC)**<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME;**<br><br>**(2) GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER;**<br><br>**(3) DENYING AS MOOT DEFENDANTS' MOTION FOR EXTENSION OF TIME; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF NOS. 36, 37, 38, 39)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's original November 22, 2016, complaint against Correctional Officer ("CO") R. Espinoza and CO R. Roque on an Eighth Amendment excessive force claim, against Sergeant C. James on an Eighth Amendment failure to protect claim, and against Dr. S. Barnett and Lt. L.A. Martinez on an Eighth Amendment deliberate indifference claim. (ECF No. 9.)

Pending before the Court is Defendants' motion for summary judgment for failure to exhaust administrative remedies.[1] Plaintiff opposes the motion. This matter is fully briefed and ready for disposition. Also pending is Defendants' motion for protective order (ECF No. 37) and motion for extension of time to respond to Plaintiff's discovery (ECF No. 38). Plaintiff has not filed an opposition to either of these latter motions.

## I. Plaintiff's Allegations

The events underlying this action occurred while Plaintiff was an inmate housed at California State Prison in Corcoran, California ("CSP-Cor").

### A. Allegations against Dr. Barnett

On August 22, 2014, Plaintiff was escorted by COs R. Espinoza and R. Roque to Acute Care Hospital ("ACH") at CSP-Cor for suicide evaluation. Dr. S. Barnett, a psychologist at ACH, approached Plaintiff and asked him if he wanted to talk. Plaintiff responded angrily, "No, I'm suicidal, homicidal. I tore up my state clothing, flooded my cell, all I wanted to do was hurt myself." Dr. Barnett then turned away and had a private conversation with COs Espinoza and Roque. When the conversation ended, CO Espinoza told Plaintiff that they were going to escort Plaintiff back to his cell. Plaintiff responded, "I'm suicidal I'm not going back."

### B. Allegations against CO Espinoza, CO Roque, and Sgt. James

CO Espinoza opened the holding cage where Plaintiff was seated and handcuffed. When the door was open, CO Espinoza grabbed Plaintiff and threw him to the floor outside of the holding cage. COs Espinoza and Roque then assaulted Plaintiff, punching and kicking him while Plaintiff remained handcuffed. Following a brief period of calm, CO Espinoza assaulted Plaintiff again. Sgt. James witnessed this second assault but failed to respond or stop it.

---

[1] Defendants also originally argued that Plaintiff fails to comply with the applicable statute of limitations, but they voluntarily withdrew that argument in their Reply to Plaintiff's Opposition. (See Defs. Reply (ECF No. 41) at 5-6).

2

### C. Allegations against Lt. Martinez

While waiting outside the ACH for an ambulance to return Plaintiff to his assigned cell, Lt. Martinez arrived at the scene. Plaintiff screamed at Lt. Martinez that he was suicidal and would harm himself again if returned to his cell. Plaintiff also told Lt. Martinez about the assault by CO Espinoza and CO Roque. Plaintiff then complained to non-party Nurse Arriola, who was standing nearby, about his injuries and pain following the assault. Nurse Arriola came towards Plaintiff to look at the injuries but was turned away by Lt. Martinez.

## II. Undisputed Facts

Between August 22, 2014, when the incidents underlying this action occurred, and November 22, 2016, when this case was initiated, Plaintiff filed several inmate appeals. See Decl. of D. Goree in Supp. Defs.' Mot. Summ. J. (ECF No. 36-4) ¶¶ 4, 10-14, Exs. A-E; Decl. of A. Sheldon in Supp. Defs.' Mot. Summ. J. (ECF No. 36-5) ¶¶ 9-10, Exs. A-B; Decl. of M. Voong in Supp. Defs.' Mot. Summ. J. (ECF No. 36-6) ¶¶ 5-8, Exs. A-C. Of these appeals, only two are relevant to this action: IAB Log No. 14-03495 and CSP-Cor Log No. 14-06872.

In IAB Log No. 14-03495, which was submitted on September 5, 2014, Plaintiff complained that on August 22, 2014, he was assaulted by CO Espinoza and CO Roque, and that Lt. Martinez refused to allow Plaintiff to be seen for medical care. Voong Decl. Ex. B (ECF No. 36-6 at 9-14). There are no claims as to Dr. Barnett, and the only allegation as to Sgt. James is that this Defendant pulled CO Espinoza off of Plaintiff's leg. See id. Plaintiff submitted this appeal directly to the third level of review "to ensure it receives the necessary appeal procedure without bias. I do not believe my appeal will properly be addressed at Corcoran State Prison due to staff corruption." Voong Decl. Ex. B (ECF No. 36-6 at 19-20). On October 10, 2014, Plaintiff's appeal was rejected at the third level of review for bypassing the lower levels of review. Id. (ECF No. 36-6 at 8).

In CSP-Cor Log No. 14-06872, which was submitted on October 26, 2014, Plaintiff complained that certain personal property was missing after he went to the crisis

bed on August 22, 2014. Goree Decl. Ex. E. This appeal was granted in part at the first level of review, and Plaintiff did not pursue this appeal to any other level of review. See id. This appeal is notable because while Plaintiff's claim relates to August 22, 2014, the day of the incident, he does not complain about excessive force, deliberate indifference, or failure to protect on the part of any of the Defendants.

### III. Defendants' Motion for Summary Judgment

#### A. Legal Standards

##### 1. Summary Judgment Standards

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

| | |
|---|---|
| 1 | If the moving party meets its initial burden, the burden shifts to the non-moving |
| 2 | party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. |
| 3 | Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or |
| 4 | denials of the adverse party's evidence, but instead must produce admissible evidence |
| 5 | that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at |
| 6 | 1076. If the non-moving party does not produce evidence to show a genuine issue of |
| 7 | material fact, the moving party is entitled to judgment. See Celotex, 477 U.S. at 323. |
| 8 | Generally, when a defendant moves for summary judgment on an affirmative |
| 9 | defense on which he bears the burden of proof at trial, he must come forward with |
| 10 | evidence which would entitle him to a directed verdict if the evidence went |
| 11 | uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). |
| 12 | The failure to exhaust administrative remedies is an affirmative defense that must be |
| 13 | raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. |
| 14 | Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary |
| 15 | judgment for nonexhaustion, the defendant has the initial burden to prove "that there |
| 16 | was an available administrative remedy, and that the prisoner did not exhaust that |
| 17 | available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to |
| 18 | the prisoner to come forward with evidence showing that there is something in his |
| 19 | particular case that made the existing and generally available administrative remedies |
| 20 | effectively unavailable to him." Id. The ultimate burden of proof remains with the |
| 21 | defendant, however. Id. If material facts are disputed, summary judgment should be |
| 22 | denied, and the "judge rather than a jury should determine the facts" on the exhaustion |
| 23 | question, id. at 1166, "in the same manner a judge rather than a jury decides disputed |
| 24 | factual questions relevant to jurisdiction and venue," id. at 1170-71. |
| 25 | In ruling on a motion for summary judgment, inferences drawn from the underlying |
| 26 | facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. |
| 27 | Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). |
| 28 | |

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under penalty of perjury and the facts therein are evidence for purposes of evaluating the defendants' motion for summary judgment.

### 2. California's Administrative Exhaustion Rules

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order

6

to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR-602 HC form for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3-4).[2]

---

[2] Several Ninth Circuit cases have referred to California prisoners' grievance procedures as not specifying the level of detail necessary and instead requiring only that the grievance "describe the problem and the action requested." See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Cal. Code Regs. tit. 15, § 3084.2); Sapp, 623 F.3d at 824 ("California regulations require only that an inmate 'describe the problem and the action requested.' Cal. Code Regs. tit. 15, § 3084.2(a)"); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (when prison or jail's procedures do not specify the requisite level of detail, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought' "). Those cases are distinguishable because they did not address the regulation as it existed at the time of the events complained of in Plaintiff's pleading. Section 3084.2 was amended in 2010 (with the 2010 amendments becoming operative on January 28, 2011), and those amendments included the addition of subsection (a)(3). See Cal. Code Regs. tit. 15, § 3084.2 (history notes 11-12 providing operative date of amendment). Wilkerson and Sapp used the pre-2011 version of section 3084.2, as evidenced by their statements that the regulation required the inmate to "describe the problem and the action requested" – a phrase that does not exist in the version of the regulation in effect in and after 2011. Griffin is distinguishable because it discussed the Maricopa County Jail administrative remedies rather than the

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., id. at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

**B.     Analysis**

Defendants move for summary judgment on all of Plaintiff's claims on the grounds that Plaintiff did not exhaust his administrative remedies as to any of them. In support of their motion, Defendants have submitted evidence showing that Plaintiff did not properly exhaust administrative remedies even though such remedies were available to him. The Defendants have thus carried their burden to demonstrate that there were available administrative remedies for Plaintiff and that Plaintiff did not properly exhaust those available remedies as to any of his claims. The undisputed evidence shows that California provides an administrative-remedies system for California prisoners to complain about their conditions of confinement, and that Plaintiff used that California inmate-appeal system to complain about other events unrelated to his complaints here.

Once the Defendants met their initial burden, the burden shifted to Plaintiff to come forward with evidence showing that something in his particular case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172. For a remedial procedure to be "available" it must exist both in law and, in actual practice, be "capable of use to obtain some relief for the action complained of." Ross, 136 S. Ct. at 1859 (internal quotation marks omitted). In Ross, the Supreme Court

---

CDCR's administrative remedies. Whatever the former requirements may have been in the CDCR and whatever requirements may still exist in other facilities, since January 28, 2011, the operative regulation has required California prisoners using the CDCR's inmate appeal system to list the name(s) of the wrongdoer(s) in their administrative appeals.

enumerated three instances where a procedure, in a practical sense, is unavailable: (1) when the process operates as a "simple dead end" with no actual possibility of relief to prisoners; (2) when the process is so opaque or confusing that it is "essentially unknowable—so that no ordinary prisoner can make sense of what it demands"; and (3) when prison officials thwart inmates from using the process through machination, misrepresentation, or intimidation. Id. at 1859–60 (internal quotation marks omitted).

Plaintiff admits that he bypassed the lower levels of review but argues that he did so due to staff misconduct and corruption at CSP-Cor. In support, Plaintiff makes multiple arguments and submits several attachments to his opposition, each of which is addressed here.

Plaintiff first relies on a document that he claims to be the notes of an interview conducted by Plaintiff's private investigator with a Lt. Gonzales, who is allegedly married to Sgt. James. Pl.'s Opp'n Ex. B. These notes appear to corroborate Plaintiff's account of the August 22, 2014, incident, but otherwise provide no information about Plaintiff's attempt to exhaust his administrative remedies.

Plaintiff also submits a purported email from Lt. Gonzales who interviewed Plaintiff on September 12, 2015. Pl.'s Opp'n Ex. C. In this email, Lt. Gonzales wrote that a videotaped interview should be conducted concerning the August 22, 2014, incident and that, in the event Plaintiff claimed that he tried to appeal the issue, he should be asked for copies of the 602s. See id. Assuming this email to be properly authenticated with proper foundation[3] and to the extent Plaintiff relies on it to argue that he did try to exhaust his administrative remedies in October 2014, Plaintiff fails to submit any evidence of any previously-filed inmate grievances or any CDCR 22 forms requesting the status of those appeals. "[V]ague assertion[s]" that prison officials did not process an inmate's appeals, or "stopp[ed] them from being processed," are insufficient to create a

---

[3] Defendants submit several evidentiary objections to the documents filed in support of Plaintiff's Opposition. See Defs.' Objections to Pl.'s Evidence (ECF No. 41-1). For the purposes of these Findings and Recommendations only, the Court considered this evidence, and will therefore overrule Defendants' objections. However, such ruling is not on the "merits" of the objections and does not suggest that the objections are not well-taken.

9

genuine factual dispute regarding the availability vel non of a remedy. See Tubach v. Lahimore, No. 1:10–cv–913 AWI SMS (PC), 2012 WL 4490792, at *3 (E.D. Cal. Sep. 28, 2012); see also Kidd v. Livingston, 463 Fed. Appx. 311, 313 (5th Cir. 2012) (per curiam) (conclusory assertions that prison officials did not process grievance "fail[ ] to create a genuine dispute as to [inmate's] exhaustion of this grievance" (citation omitted)); Jeffries v. Fields, No. CV 12–1351 R(JC), 2014 WL 994908, at *18 (C.D. Cal. Mar. 10, 2014) ("conclusory" assertion[s] that prison officials "obstructed the remedy process" and "tamper[ed]" with inmate's grievances "are insufficient to demonstrate that any failure to exhaust was excused due to misconduct by prison officials that rendered further administrative remedies unavailable" (citations omitted)); Meador v. Wedell, 2:10–cv–00901–KJM–DAD, 2012 WL 360199, at *7 (E.D. Cal. Feb. 2, 2012) ("Plaintiff's mere conclusory allegation that his inmate appeals were improperly rejected and closed is insufficient" to show that prison officials "improperly screened-out" said appeals. (citing cases)), report and recommendation adopted, 2:10–cv–00901–KJM–DAD (E.D. Cal. Mar. 28, 2012); Crayton v. Hedgpeth, No. C 08–00621 WHA (PR), 2011 WL 1988450, at *7 (E.D. Cal. May 20, 2011) ("Plaintiff's allegations of lost, stolen, and destroyed grievances are too vague to effectively rebut defendants' claim that plaintiff has failed to exhaust his administrative remedies ...."); Rodgers v. Reynaga, No. CV 1–06– 1083–JAT, 2009 WL 2985731, at *3 (E.D. Cal. Sep. 16, 2009) ("To grant Plaintiff an exception to PLRA's demand for exhaustion based solely on Plaintiff's self-serving testimony that his grievance was surreptitiously destroyed by prison officials would completely undermine the rule."); Hendon v. Baroya, No. 1:05–cv–00838–OWW–SMS PC, 2007 WL 3034263, at *3 (E.D. Cal. Oct. 16, 2007) ("The vague assertion that grievances were filed is insufficient to make the requisite showing that exhaustion either occurred or was excused due to some form [of] conduct on the part of prison officials which prevented plaintiff from properly utilizing the appeals process." (citations omitted)), report and recommendation adopted, 2008 WL 482868 (E.D. Cal. Feb. 20, 2008).

Attached to Lt. Gonzales's purported email are three undated and unsigned typed pages. Pl.'s Opp'n Ex. C. Plaintiff contends these pages were drafted by Lt. Gonzales and show that correctional staff were attempting to cover up the August 22, 2014, assault. Again, assuming the admissibility of this evidence, it does not support Plaintiff's claim that he was thwarted from exhausting his administrative remedies. Rather, it serves to support Plaintiff's version of the assault incident; it reveals that Lt. Gonzales independently interviewed Plaintiff outside of any grievance process; and it highlights that, to the extent the incident was investigated by anyone, it was only in response to Sgt. James's reporting of the incident, not an administrative grievance filed by Plaintiff.

Plaintiff next relies on an inmate appeal he filed at Pelican Bay State Prison, submitted on May 28, 2016, and assigned Log No. PBSP-0-16-01249, in which he sought to have his personal property, including legal property, sent to him at CSP-Cor, where he had been temporarily transferred. Pl.'s Opp'n Ex. F. This appeal was denied at the first level of review. It was then granted at the second level of review, and Plaintiff's personal property was transferred to his new housing assignment at Kern Valley State Prison. Plaintiff's appeal was denied at the third level of review. Assuming Plaintiff relies on this appeal to argue that he could not file an earlier grievance because his legal property was improperly withheld, this appeal fails to show how or why Plaintiff could not follow the proper administrative procedures for filing a timely administrative grievance nearly 1.5 years beforehand.

Plaintiff also argues that he did not seek to bypass the lower levels of review by mailing his grievance to the Office of Appeals; instead, he simply sought to have his appeal handled without bias. But Plaintiff does not deny that he was aware of the prescribed procedures for filing grievances; indeed, his other grievances filed during this same time period demonstrate that he was aware of and capable of following these procedures for unrelated complaints.

Lastly, Plaintiff argues that the screening order of IAB Log No. 14-03495 failed to include instructions to appeal the rejection of his appeal. To the contrary, this rejection letter stated as follows:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specific in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

Voong Decl. Ex. B.

Much of Plaintiff's opposition is directed to his claim that the Defendants are corrupt and that they misled or threatened officials during the Rules Violation Report hearing following the incident and at various times afterward. See e.g., Pl.'s Opp'n ¶¶ 29, 34, 37, 45, 53. Plaintiff, however, submits no evidence that the Defendants actively attempted to thwart his attempts to exhaust administrative remedies or that any other individuals involved in the processing of his appeals were colluding with the Defendants to thwart Plaintiff's attempts at exhaustion.

Based on the foregoing, then, the undersigned concludes that Defendants have carried their burden to show that Plaintiff failed to exhaust administrative remedies that were available to him. Defendants' motion for failure to exhaust administrative remedies should thus be granted.

**IV. Defendants' Motion for Protective Order**

In light of their pending motion for summary judgment, Defendants simultaneously move to stay discovery except as it relates to the issue of exhaustion pending resolution of their summary judgment motion. (ECF No. 37.)

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406

F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the Plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino, 747 F.3d at 1170-71; see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines the claims are unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170.

Because Defendants' motion for summary judgment is based solely on the ground that Plaintiff failed to exhaust the administrative remedies, any discovery requests related to the underlying merits of the complaint is outweighed by Defendants' burden in responding to discovery requests that may not be necessary if the motion for summary is granted. Therefore, all merits-based discovery is stayed pending resolution of Defendants' motion for summary judgment. In light of this ruling, Defendants' motion for extension of time to respond to Plaintiff's discovery requests will be denied as moot.

**V.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 39) is GRANTED. Plaintiff's opposition is deemed timely filed;

2. Defendants' motion for protective order (ECF No. 37) is GRANTED. All discovery in this action is hereby stayed pending resolution of Defendants' motion for summary judgment for failure to exhaust administrative remedies;

3. Defendants' motion for extension of time to respond to Plaintiff's discovery requests (ECF No. 38) is DENIED as moot; and

IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 36) be GRANTED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 29, 2017     /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE